# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BLANCHE K. STUTLER,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0464** (BOR Appeal No. 2051035)
(Claim No. 2013017267)

**WEST VIRGINIA UNITED HEALTH SYSTEMS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Blanche K. Stutler, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia United Health Systems, by James W. Heslep, its attorney, filed a timely response.

The issue on appeal is whether additional medical benefits should be authorized in the claim. This appeal originated from the July 21, 2015, claims administrator's decision denying the request for a referral to Russell Biundo, M.D., and bilateral lumbar transformainal epidural steroid injections at L2-S1. In its December 9, 2015, Order, the Workers' Compensation Office of Judges affirmed the decision. The Board of Review's Final Order dated March 24, 2016, affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Stutler, a food service worker, was injured in the course of her employment on December 17, 2012, when she tripped over a telephone wire behind the counter where she worked. She was taken to the emergency room at United Hospital Center and underwent diagnostic testing for her wrist, knee, and thoracic and lumbosacral spines. Ms. Stutler subsequently filed a claim for benefits in which the physician's section listed the diagnoses as

1

unspecified backache, contusion of the right knee, left wrist contusion, and sprain of muscle. The claims administrator held the claim compensable for right knee, left wrist contusion, and muscle sprains on January 8, 2013.

Ms. Stutler has a history of pre-existing conditions in her spine. Diagnostic testing performed on April 8, 2005, revealed advanced degenerative disc changes at L5-S1 with a disc protrusion at L4-5 and disc bulges at L2-3 and L3-4. At that time, she was prescribed Lortab for her low back pain. X-rays taken on the date of injury revealed mild sclerosis involving the superior endplate of L2 without height loss. Additionally, mild bilateral facet degenerative changes involving the lower lumbar levels were noted.

Following the injury, Ms. Stutler continued to suffer pain in her low and mid back. On July 26, 2013, the claims administrator authorized a pain management consultation for low back pain. Ms. Stutler presented to Darya Beheshtin, M.D. Dr. Beheshtin noted that Ms. Stutler was experiencing low back pain and muscle spasms in her back close to her bra line. Ms. Stutler also began seeing Koshy Mathai, M.D., regarding her compensable injury. On August 16, 2013, Dr. Mathai noted that Ms. Stutler had been referred to his office for mid and low back pain she had experienced since her December 17, 2012, injury. Dr. Mathai diagnosed Ms. Stutler as suffering from low back pain, left lumbosacral radicular pain syndrome, lumbar disc disease, lumbar facet arthropathy, and chronic pain syndrome. He indicated that he would schedule Ms. Stutler for a lumbar epidural steroid injection. Regarding her mid back pain, Dr. Mathai indicated he would consider referring her for an MRI of the thoracic spine.

On August 26, 2013, United Health Center Orthopedics completed a diagnosis update requesting that thoracic back pain be added as a compensable component of the claim. The claims administrator did not respond to this request for over two years, which has caused some of the confusion regarding this claim. However, the claims administrator did respond to Dr. Mathai's request for a lumbar epidural steroid injection. On September 11, 2013, the claims administrator authorized lumbar epidural steroid injections from September 6, 2013, through October 30, 2013. The injections were authorized again from December 19, 2013, through January 30, 2014.

Ms. Stutler continued seeing Dr. Mathai for low and mid back pain. On several occasions, Dr. Mathai requested additional epidural steroid injections which were denied by the claims administrator in 2014. The reasons given for the denial were that it was not recommended to treat a lumbar sprain/strain and that a previous independent medical evaluation[1] report had placed Ms. Stutler at maximum medical improvement and suggested that no further treatment was required. On July 10, 2014, she saw Dr. Mathai and indicated that her low back pain had increased. His assessment listed thoracic back pain first and low back pain second. Dr. Mathai indicated that he would request bilateral lumbar transforaminal steroid injections along with a

---

[1] The independent medical evaluation performed by Sushil Sethi, M.D., placed Ms. Stutler at maximum medical improvement and assessed 6% whole person impairment for the lumbar spine and left wrist. The claims administrator granted a 6% permanent partial disability award and the Office of Judges affirmed the award. However, the Board of Review reversed the Order and vacated the permanent partial disability award, stating that a decision on the compensability of the thoracic spine must first be decided. The award is still currently vacated.

referral to Dr. Biundo for further evaluation and management of her current symptoms. Dr. Mathai indicated that his request for injections had been denied even though he had shown there was medical evidence of its necessity and thus did not understand the denials. He expressed his confusion again at subsequent appointments with Ms. Stutler dated November 3, 2014; January 27, 2015; and April 30, 2015. At the April 30, 2015, appointment, Dr. Mathai noted that Workers' Compensation should address whether the thoracic spine should be treated. He reiterated his desire to proceed with the injections and the referral to Dr. Biundo and stated he did not understand why the referral was being denied as he had provided a very lengthy description of why the treatment was reasonable as per a July 10, 2014, office visit.

On July 21, 2015, the claims administrator denied the request for a referral to Dr. Biundo and the authorization of the bilateral transforaminal steroid injections. The reasoning for the denial remained the same, indicating that the independent medical evaluation showed Ms. Stutler no longer required further treatment.

On November 12, 2015, Ms. Stutler testified at an expedited hearing before the Office of Judges. She asserted that she had not reached maximum medical improvement and deserved to benefit from further treatment. Ms. Stutler noted that the requests of Dr. Mathai were aimed at treating her low and mid back pain which were a result of her compensable injury. Counsel for the employer noted that the thoracic spine had never been added as a compensable component of the claim. The employer argued that the requested treatment was aimed at treating either non-compensable conditions or pre-existing conditions. Ms. Stutler rebutted that she had tried to have thoracic back pain added to the claim via a diagnosis update from August 26, 2013, but a claims administrator had not responded.

On December 9, 2015, the Office of Judges affirmed the July 21, 2015, claims administrator's decision denying the epidural steroid injections and the referral to Dr. Biundo. The Office of Judges began by noting that the compensable conditions in this case are confusing due to the failures of the claims administrator and the initial treating physician. While low back sprain/strain was never listed as a compensable condition, there appears to be a general acceptance by the parties that it was compensable for this diagnosis. Regarding the thoracic spine, Ms. Stutler submitted a request to have it added to the claim but the claims administrator had never responded, which caused confusion in the course of treatment. The Office of Judges found Dr. Mathai's requests for the epidural steroid injections to be unclear as he never specifically attributed the need for treatment to her compensable injury. With Ms. Stutler's extensive pre-existing conditions, the Office of Judges found that absent more information from Dr. Mathai, it was most likely the treatment was related to the pre-existing conditions. The Office of Judges noted that more information would have been helpful in regard to the referral to Dr. Biundo as well. It found that Dr. Mathai did not state in specific terms why the referral was reasonable, necessary, and related to the compensable injury. While the Office of Judges noted that the claims administrator was partly to blame, it ultimately held that Ms. Stutler failed to meet her burden of proof. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on March 24, 2016.

We disagree with the reasoning and conclusions reached by the Office of Judges and affirmed by the Board of Review. Following the filing of this appeal, the Board of Review rendered a decision on August 8, 2016, in which it reversed a claims administrator's decision and an Office of Judges' Order denying a request to add the thoracic spine to the claim. In the decision, the Board of Review noted that the Office of Judges' Order was wrong in view of the reliable, probative, and substantial evidence on the whole record. It noted that Ms. Stutler's complaints of thoracic pain following the compensable injury had been documented several times. She was prescribed medicine for lumbar/thoracic pain in 2013. Dr. Beheshtin noted that she had low back pain and muscle spasms in the thoracic region. Additionally, Dr. Mathai noted that she began experiencing mid and low back pain after the December 17, 2012, injury. A diagnosis update by Joseph Fazalare, M.D., requested that the thoracic spine be added to the claim and attributed it to the compensable injury. In light of the evidence, the Board of Review concluded Ms. Stutler suffered a thoracic back injury in the course of and resulting from her employment.

Following the reasoning of the Board of Review in its August 8, 2016, decision, the referral to Dr. Biundo and the requests for lumbar transforaminal epidural steroid injections are reasonably related and medically necessary to treat the compensable injury. The Board of Review has indicated that the thoracic spine is now a compensable component of the claim. Dr. Mathai requested the referral to Dr. Biundo on July 10, 2014, based on Ms. Stutler's current presentation. In his notes, Dr. Mathai included thoracic back pain and low back pain as the primary and secondary diagnoses, respectively. Dr. Mathai also repeatedly expressed his confusion as to why his requests were being denied in light of his explanations as to why the treatment was necessary. A large portion of the argument made by the employer and the reasoning of the Office of Judges' December 9, 2015, Order rely on the belief that the thoracic spine is not compensable. That is no longer the case. In reviewing the medical evidence of record, it is clear that Ms. Stutler experienced thoracic and lumbar pain following the compensable injury. Dr. Mathai noted those as his primary and secondary diagnoses and planned the treatment accordingly. The referral to Dr. Biundo is necessary in order to treat Ms. Stutler's thoracic spine injury and to receive clear guidance in regards to a future permanent partial disability award.

The request for bilateral lumbar transforaminal epidural steroid injections is also reasonably related and medically necessary to treat the compensable injury. The claims administrator failed to specify which regions of the spine were compensable and merely listed muscle sprains. Subsequently, the claims administrator consistently approved treatment for the lower back. On July 26, 2013, authorization for a pain management consultation for the low back was granted. The lumbar transforaminal epidural steroid injections were authorized from September 6, 2013, through October 30, 2013, and from December 19, 2013, through January 30, 2014. The claims administrator denied subsequent requests for the injections based on Dr. Sethi's independent medical evaluation. However, the Board of Review has since determined that the permanent partial disability award based on Dr. Sethi's report was prematurely granted. The claims administrator was incorrect to rely on the independent medical evaluation report. Both the Office of Judges and Board of Review have noted that the parties are in general agreement that the lumbar spine has been included as a compensable body part under this claim,

4

although no specific Order has been designated indicating a precise diagnosis. Based on this general agreement and the prior actions of the claims administrator authorizing treatment for the lumbar spine, the bilateral lumbar transformaminal epidural steroid injection is approved.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to grant the referral to Dr. Biundo and approve the bilateral lumbar transforaminal epidural steroid injection.

Reversed and Remanded.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum

Justice Elizabeth D. Walker, Disqualified